UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LUQMAN STROUD,

                                  Plaintiff,

                  -against-

Police Officer JASON BRUNSON, Shield No. 17542; Sergeant DAVID CHEESEWRIGHT, Shield No. 1990; Police Officer DANY FANA, Shield No. 14406; Detective JONATHAN CARO, Shield No. 4577; and JOHN and JANE DOE 3 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                  Defendants.
------------------------------------------------------------------ x

**SECOND AMENDED COMPLAINT**

15 CV 131 (ENV) (SMG)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Luqman Stroud ("plaintiff" or "Mr. Stroud") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Jason Brunson, Shield No. 17542 ("Brunson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Brunson is sued in his individual and official capacities.

8. Defendant Sergeant David Cheesewright, Shield No. 1990 ("Cheesewright"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cheesewright is sued in his individual and official capacities.

9. Defendant Detective Jonathan Caro, Shield No. 4577 ("Caro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Caro is sued in his individual and official capacities.

10. Defendant Police Officer Police Officer Dany Fana, Shield No. 14406 ("Fana"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fana is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 3 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 3 through 10.

12. At all times relevant herein, defendants John and Jane Doe 3 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 3 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 1:00 p.m. on March 14, 2012, Mr. Stroud was a passenger in an automobile lawfully traveling in the vicinity of 1070 East New York Avenue in Brooklyn, New York.

15. The defendant officers pulled the vehicle over without probable cause or reasonable suspicion.

16. The officers removed Mr. Stroud from the vehicle and searched him without legal justification.

17. Even though the defendant officers knew they lacked arguable probable cause to arrest Mr. Stroud, they did so anyway, charging him with possession of marijuana.

18. After Mr. Stroud was handcuffed, an officer put him roughly into a

police vehicle, injuring Mr. Stroud's back in the process.

19. The officers refused to seek medical attention for Mr. Stroud and, upon information and belief, turned away EMS personnel who arrived at the precinct to treat his injuries.

20. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff possess marijuana and forwarded false evidence in support of their allegations, including, upon information and belief, marijuana.

21. At no time did defendants observe Mr. Stroud in possession of marijuana or in violation of any law.

22. Mr. Stroud was eventually taken to Brooklyn Central Booking, where he informed medical staff of his injuries and need for medical attention.

23. Mr. Stroud was transported to a hospital for treatment and then back to central booking.

24. After spending over 24 hours in custody, Mr. Stroud was arraigned and released on his own recognizance.

25. The criminal charges were subsequently adjourned in contemplation of dismissal.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Deliberate Indifference to Medical Needs

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants were aware of plaintiff's need for medical care and failed to act, in deliberate indifference to plaintiff's needs.

43. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SIXTH CLAIM
### Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:  May 15, 2015
        New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*